UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**VICTOR ALLEN BENTLEY**                                                      **PLAINTIFF**

**v.**                               **CIVIL ACTION NO. 3:16CV-596-GNS**

**TERESA BAILEY et al.**                                               **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

The Scheduling Order and Order Directing Service entered in this case on January 31, 2017, ordered Plaintiff, in part, to file a pretrial memorandum setting forth in detail all facts upon which he bases his claims in this matter against Defendants no later than July 21, 2017 (DN 8). A review of the record in this action reveals that Plaintiff has not filed his pretrial memorandum as ordered by this Court. On May 10, 2017, the Court entered an Order (DN 15) ordering Plaintiff to either pay the balance of the filing fee for this action to the Clerk of Court or file a fully completed non-prisoner application to proceed without prepayment of fees. The Court warned Plaintiff that failure to either pay the balance of the filing fee or file a fully completed application within 30 days from the entry date of the Order would result in dismissal of this action. Well over 30 days have passed, and a review of the docket reveals that Plaintiff has not complied with the Court's May 10, 2017, Order.

Plaintiff has also failed to comply with a third Order of this Court. On October 5, 2017, the Court ordered Plaintiff (DN 18) to file a response to Defendants' motion to dismiss or for summary judgment. Plaintiff was warned that failure to respond within the allotted 30 days may result in judgment in favor of Defendants or this action being dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. A review of the docket in this case reveals that Plaintiff has not responded to Defendants' motion or otherwise responded to the Court's Order within the time allowed.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with straightforward Orders of this Court (DNs 8, 15 & 18) or take any action in response to the Court's Orders, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date: December 7, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
  Counsel for Defendants
4416.003

2